# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**EDGAR FARMER,**

      **Petitioner,**

**v.**                      **Case No.  3:15cv571-LC/CAS**

**JULIE L. JONES, Secretary,**
**Department of Corrections,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On December 21, 2015, Petitioner, Edgar Farmer, a prisoner in the custody of the Florida Department of Corrections, proceeding pro se, filed a petition for writ of habeas corpus, with attachment, pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent filed an answer on September 29, 2016, with exhibits.  ECF No. 13.  Petitioner did not file a reply even though he was authorized to do so.  Petitioner challenges his convictions and sentences entered by the circuit court of the First Judicial Circuit in and for Santa Rosa County, Florida, in two cases.[1]

---

[1] Santa Rosa County Case No. 2009-CF-1590 and 2009-CF1691.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons set forth herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief and this § 2254 petition should be denied.

## Background and Procedural History

Petitioner was charged on December 10, 2009, in Santa Rosa County case number 2009-CF-1590 with three November 25, 2009, offenses as follows: Count 1, fleeing or attempting to elude a law enforcement officer on November 25, 2009, in violation of section 316.1935(3), Florida Statutes (2009); Count 2, driving while license suspended or revoked (third violation) in violation of section 322.34(2)(c), Florida Statutes; and Count 3, resisting, obstructing, or opposing law enforcement officers in violation of section 843.02, Florida Statutes. Ex. E at 148.[2] Petitioner pleaded no contest to all counts. Ex. E at 150-65. On

---

[2] Hereinafter, citations to the state court record, "Ex. –," refer to exhibits A through W submitted in conjunction with Respondent's answer. *See* ECF No. 13.

June 14, 2011, Petitioner was adjudicated guilty and sentenced pursuant to a plea agreement to concurrent terms of ten years in prison followed by five years of probation for Count 1, five years in prison on Count 2, and one year in county jail on Count 3. Ex. E at 167-88; 29-41.

Petitioner was charged on January 20, 2010, in Santa Rosa County case number 2009-CF-1691 with four March 20, 2009, offenses as follows: Count 1, driving under the influence (D.U.I.) resulting in serious bodily injury to Kevin Lee McCleod in violation of sections 316.193(1) and 316.193(3)(a),(b),(c)2., Florida Statutes (2009); Count 2, felony D.U.I. (fourth conviction) and while impaired, in violation of sections 316.193(1) and 316.193(2)(b)3., Florida Statutes; Count 3, driving while license cancelled, suspended or revoked (third conviction), in violation of section 322.34(2)(c), Florida Statutes; and Count 4, refusal to submit to breath, urine, or blood testing in violation of section 316.1939(1), Florida Statutes. Ex. E at 190. At the June 14, 2011, sentencing hearing, pursuant to the plea agreement, Petitioner was adjudged guilty and sentenced to concurrent terms of ten years in prison as a habitual felony offender followed by five years of probation for Count 1, five years in prison on Counts 2 and 3, and one year in the county jail on Count 4. Ex. E at 167-88; 29-41.

A timely notice of appeal was not filed, but Petitioner was granted belated appeals by the state First District Court of Appeal.[3]  Ex. A.  The appeal from the conviction and sentence in Santa Rosa County case number 2009-CF-1691 was affirmed per curiam without opinion on May 23, 2014.  Ex. C.  *See* Farmer v. State, 139 So. 3d 303 (Fla. 1st DCA 2014) (table) (case number 1D13-2649, appeal pursuant to order granting belated appeal).  The appeal from conviction and sentence in Santa Rosa County case number 2009-CF-1590 was also affirmed per curiam without opinion on May 23, 2014.  Ex. D.  *See* Farmer v. State, 139 So. 3d 303 (Fla. 1st DCA 2014) (table) (case number 1D13-4911, appeal pursuant to order granting belated appeal).

On December 9, 2013, Petitioner filed a motion to correct sentence.  Ex. E at 8-21.  Resentencing was ordered on only Count 1 in case number 2009-CV-1691, and a resentencing hearing was held on February 6, 2014.  Ex. E at 51-66.  As to Count 1, driving under the influence, the court

---

[3] Belated appeal was granted for Santa Rosa County case number 2009-CF-1691 by order issued in First District Court of Appeal case number 1D12-4288, and for Santa Rosa County case number 2009-CF-1590 by order issued in First District Court of Appeal case number 1D12-4290.  *See* Ex. A.  Belated appeal was granted for two 2011 Santa Rosa County cases by order issued in 1D12-4287, but Petitioner voluntarily dismissed the appeal resulting from that decision in order to pursue post-conviction relief.  Those Santa Rosa County cases are the subject of a separate federal habeas proceeding.  *See* Northern District of Florida case number 3:16cv161-LC/CJK.

resentenced Petitioner to ten years in prison with no probation to follow. Ex. F at 211.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on May 14, 2014. Ex. E at 67. The motion was dismissed on June 25, 2014, because Petitioner had appeals pending. Ex. E at 94. When the appeals were concluded, Petitioner filed another motion for post-conviction relief on July 18, 2014, raising one claim—that trial counsel rendered ineffective assistance by failing to convey a favorable plea offer in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Ex. E at 96-101. The motion was denied on January 13, 2015, without a hearing. Ex. E at 143. Petitioner appealed to the state First District Court of Appeal, which affirmed per curiam without opinion on April 30, 2015. Ex. G. The mandate was issued on June 24, 2015. Ex. I. *See* Farmer v. State, 166 So. 3d 769 (Fla. 1st DCA 2015) (table).

Petitioner's petition to the First District Court of Appeal alleging ineffective assistance of appellate counsel was denied on the merits on June 25, 2015. Ex. K. *See* Farmer v. State, 166 So. 3d 230 (Fla. 1st DCA 2015) (mem). Petitioner's motion to correct jail credit, Ex. L at 1, was denied on July 1, 2015, Ex. L at 7, and affirmed on appeal per curiam

without an opinion on October 14, 2015. Ex. O. The mandate was issued

on December 18, 2015. Ex. R. *See* <u>Farmer v. State</u>, 178 So. 3d 399 (Fla.

1st DCA 2015) (table).

Petitioner filed his petition for writ of habeas corpus in this Court

pursuant to 28 U.S.C. § 2254 on December 21, 2015, raising the following

grounds for relief:

> **Ground One:** (A) Appellate counsel rendered ineffective assistance by failing to argue on appeal that the trial court erred in disposition of Petitioner's motion to withdraw his plea; and (B) Trial counsel rendered ineffective assistance by not adopting Petitioner's motion to withdraw the plea, by not filing it within 30 days of resentencing, and by withdrawing from the case and allowing Petitioner's appeal to proceed. ECF No. 1 at 4-5.
>
> **Ground Two**: Trial counsel rendered ineffective assistance by failing to ensure Petitioner's presence at a pretrial hearing resulting in the loss of a favorable plea and by failing to convey the favorable plea to Petitioner. ECF No. 1 at 7.
>
> **Ground Three**: Trial counsel rendered ineffective assistance by failing to investigate and discover valid defenses to the charge of fleeing and eluding in case number 2009-CF-1590. ECF No. 1 at 10.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody only under certain

specified circumstances. Section 2254(d) provides in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287 (11th Cir. 2011).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 (O'Connor, J., concurring).

The Supreme Court has explained that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 102 (2011). The Court stated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 102-03 (citation omitted). The federal court employs a " 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' " Pinholster, 563 U.S. at 181 (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b). The Petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a "somewhat similar state-law

claim." Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (quoting Anderson v. Harless, 459 U.S. 4, 5-6 (1982)). In order for remedies to be exhausted, "the petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim." Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). Petitioner must "fairly present" his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 275 (1971); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The State must have been provided the " 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Henry, 513 U.S. at 365) (quoting Picard, 404 U.S. at 275 (citation omitted)). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845; see also Picard, 404 U.S. at 275 ("If the exhaustion doctrine is to prevent 'unnecessary conflict between courts equally bound to guard and protect rights secure by the Constitution,' it is

not sufficient merely that the federal habeas applicant has been through the state courts." (citation omitted)).

In regard to claims of ineffectiveness of trial counsel, the Petitioner must have presented those claims in state court " 'such that a reasonable reader would understand each claim's particular legal basis and factual foundation.' " Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007) (citing McNair, 416 F.3d at 1302).

In order to obtain review where a claim is unexhausted and, thus, procedurally defaulted, the Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993). In order to demonstrate cause, Petitioner must show that an "external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." Alderman v. Zant, 22 F.3d 1541, 1551 (1994) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); *see also* McCleskey v. Zant, 499 U.S. 467, 497 (1991) (emphasizing that the external impediment must have prevented the petitioner from raising the claim). A federal court may grant a habeas petition on a procedurally defaulted claim without a showing of cause or prejudice if necessary to correct a fundamental miscarriage of justice.

Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). In order to satisfy the miscarriage of justice exception, the Petitioner must show that a constitutional violation has occurred that "probably resulted in a conviction of one who is actually innocent"—that it is more likely than not that no reasonable juror would have convicted him—which is a stronger showing than is necessary to establish prejudice. *See* Schlup v. Delo, 513 U.S. 298, 327 (1995). This standard "thus ensures that petitioner's case is truly 'extraordinary.' " *Id.* (citing McCleskey, 499 U.S. at 494). Such a case is "extremely rare." Schlup, 513 U.S. at 324.

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Pinholster, 563 U.S. at 181. The state court's factual findings are entitled to a presumption of correctness and to rebut that presumption, the Petitioner must show by clear and convincing evidence that the state court determinations are not fairly supported by the record. *See* 28 U.S.C. § 2254(e)(1). However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). *See also* Swarthout v. Cooke, 562 U.S. 216, 222

(2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982))).

For claims of ineffective assistance of counsel, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id.* at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quoting Strickland, 466 U.S. at 690). Federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." *Id.* at 13. The reasonableness of counsel's conduct must be viewed as of the time of counsel's conduct. *See* Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (citing Strickland, 466 U.S. at 690).

To demonstrate prejudice under <u>Strickland</u>, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." <u>Mirzayance</u>, 556 U.S. at 123. It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.* Both deficiency and prejudice must be shown to demonstrate a violation of the Sixth Amendment. Thus, the court need not address both prongs if the petitioner fails to prove one of the prongs. <u>Strickland</u>, 466 U.S. at 697.

### **Ground One: Petitioner's Request to Withdraw Plea**

In part A of this ground, Petitioner alleges that his appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the

trial court erred in denying Petitioner's pro se oral request to withdraw his plea.  ECF No. 1 at 4.  Petitioner contends in part B of this ground that his trial counsel rendered ineffective assistance by not adopting Petitioner's motion to withdraw the plea, by not filing it within 30 days of resentencing, and by withdrawing from the case and allowing Petitioner's appeal to proceed.  ECF No. 1 at 5.

Respondent contends that the claim made in part A regarding ineffective assistance of appellate counsel is without merit under Florida law and the state court's adjudication of the claim was not unreasonable.  Respondent also contends that no manifest injustice has been shown requiring habeas relief.  ECF No. 13 at 17-22.  As to Petitioner's claim in part B, Respondent contends that the claim that his "plea counsel" rendered ineffective assistance by failing to adopt Petitioner's pro se request to withdraw his plea was not raised in the state court and is thus unexhausted and procedurally defaulted, with no basis to excuse the default.  ECF No. 13 at 23-25.

## A.  Ineffective Assistance of Appellate Counsel

Petitioner, with counsel, initially entered into a plea agreement in both cases.  In case number 2009-CF-1590, Petitioner agreed to plead no contest to all counts as charged and be adjudicated guilty in exchange for a

sentence of ten years in prison followed by five years of probation on Count 1, five years in prison on Count 2, and one year in county jail on Count 3.

In case number 2009-CF-1691, under the plea agreement, Petitioner agreed to be sentenced to ten years in prison as a habitual felony offender followed by five years of probation for Count 1, five years in prison on Counts 2 and 3, and one year in jail on Count 4. All sentences were to run concurrent with each other and with the sentences imposed in case number 2009-CF-1590. The pleas and sentences were entered as agreed. Ex. E at 150-65; 167-88.

Pursuant to an order granting Petitioner's motion to correct illegal sentence, he was brought back for a resentencing hearing on February 6, 2014. Ex. E at 22-49. The trial court agreed that Petitioner's ten-year sentence followed by probation on a conviction for Count 1 in case number 2009-CF-1691, driving under the influence with serious bodily injury, was punishable by a maximum of ten years in prison. At the hearing, the prosecutor informed the court that the State would agree to a sentence of five years in prison and five years of probation, or whatever sentence that rendered the sentence for that count legal. Ex. E at 53. Defense counsel apprised the court of the fact that early in the case, the judge at the time indicated he would be amenable to imposing a sentence of six years in

prison with four years of probation, but that agreement never materialized. Ultimately, counsel explained, Petitioner agreed to the ten year prison/five year probation sentence for this court.[4]  Ex. E at 54.

At the resentencing hearing, Petitioner explained, by way of mitigation, that he had worked hard in prison on course-work and now realizes he needs help with substance abuse and other issues in order to succeed once released.  Ex. E at 59.  He requested a sentence of five years in prison followed by five years of probation.  *Id.*  Petitioner's counsel asked that the ten-year term imposed in Count 1 in both cases be resentenced to five years in prison with five years of probation.  Ex. E at 58. Petitioner requested the court to consolidate his cases and that he be resentenced on Count 1 in each case to sentences of five years in prison followed by five years of probation, so he could continue to get the help he needs.  Ex. E at 59-63.

Without further discussion, the trial judge announced that Petitioner was resentenced on Count 1 in case number 2009-CF-1691, D.U.I. with serious bodily injury, to a term of ten years in prison.  Ex. E at 64.  Counsel again asked the court to consider a sentence of six years in prison with four

---

[4] Petitioner stated at the resentencing hearing that he was never informed of a plea offer for six years in prison followed by four years of probation.  Ex. E at 59, 61.  *See* Ground Two, *infra*.

years of probation, which the trial judge rejected.  Ex. E at 64-65.  At that
point, the following colloquy occurred:

> THE COURT: . . . . Anything else?
>
> THE DEFENDANT:  Yes, Your Honor.  At this time my
> cases - - I would like to ask the Court to let me withdraw the
> plea then.
>
> THE COURT:  That will be denied.  Anything else? All
> right.  Then we are adjourned.

Ex. E at 65.  In the petition for writ of habeas corpus alleging ineffective
assistance of appellate counsel filed in the state First District Court of
Appeal, Petitioner argued that appellate counsel should have raised, as
reversible error, the trial court's denial of Petitioner's pro se oral request at
resentencing that he be allowed to withdraw his plea.  Ex. J.  The petition
was denied on the merits by the state appellate court.  Ex. K.

Petitioner contends in this Court that appellate counsel was
ineffective for failing to raise the denial of this request to withdraw the plea
as a point of error on appeal.  He contends that appellate counsel would
have had a "viable argument" on appeal and that, had the argument been
made, there is a reasonable probability that the outcome of the appeal
would have been different.  ECF No. 1 at 5.

"Claims of ineffective assistance of appellate counsel are governed
by the same standards applied to trial counsel under <u>Strickland</u>."  <u>Philmore</u>

v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009); Aldridge v. Crickmar, 680 F. App'x 809, (11th Cir. 2017) (unpublished). To succeed in a claim of ineffective assistance of appellate counsel, the Petitioner must show a "serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance and . . . [that] the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Shoenwetter v. State, 46 So. 3d 535, 563 (Fla. 2010) (quoting Pope v. Wainwright, 496 So. 2d 798, 800 (Fla. 1986)).

If the legal issue would in all probability have been found to be without merit on appeal, the failure of appellate counsel to raise it will not render counsel's performance ineffective. Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015). "Appellate counsel is not ineffective for failing to raise issues 'reasonably considered to be without merit.' " United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984)); *see also* Card v. State, 497 So. 2d 1169, 1177 (Fla. 1986) (appellate counsel not ineffective for failing to raise an issue that has little likelihood of success on appeal). Further, appellate counsel does not perform deficiently for failing to raise every non-frivolous ground for appeal. Smith v. Robbins, 528 U.S. 259,

288 (2000). "[T]he practice of 'winnowing out' weaker arguments on appeal, so to focus on those grounds that are more likely to prevail, is the 'hallmark of effective appellate advocacy.'" Hargrove v. Solomon, 227 F. App'x 806, 808 (11th Cir. 2007) (unpublished) (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983))). Thus, this inquiry requires the Court to consider the merits of the omitted claim, because Petitioner must show that there is a reasonable probability of success on appeal. See Heath v. Jones, 941 F.2d 1126, 1132 (11th Cir. 1991).

The state district court of appeal denied this claim of ineffective assistance of appellate counsel on the merits without explanation. Ex. K. The Eleventh Circuit has reiterated the deference owed to the state court's adjudication in a § 2254 proceeding:

> "The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Overstreet, 811 F.3d at 1287 (quotation marks omitted) (quoting Richter, 562 U.S. at 105). Under § 2254, we must evaluate the highest state-court decision that evaluated the claim "on the merits." 28 U.S.C. § 2254(d); Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008). Here, that is the DCA's per curiam affirmance of the Rule 3.850 trial court's denial of the Rule 3.850 motion. See Pinholster, 563 U.S. at 187-88; Richter, 562 U.S. at 98. Because the DCA did not give reasons for its summary affirmance, if there was any reasonable basis for the state court to deny relief, we are bound to affirm the denial of the petition. Pinholster, 563 U.S. at 187-88; Richter, 562 U.S. at 98.

<u>Marshall v. Sec'y, Florida Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th Cir.

2016).  The Eleventh Circuit has also explained:

> The tandem effect of the deference given generally to state
> court decisions under AEDPA, combined with the deferential
> standard applied to review of an attorney's performance when
> challenged as being ineffective, means that "it will be a rare
> case in which an ineffective assistance of counsel claim that
> was denied on the merits in state court is found to merit relief in
> a federal habeas proceeding." *See* <u>Rambaran v. Sec'y, Fla.
> Dept. of Corr.</u>, 821 F.3d 1325, 1331 (11th Cir. 2016) (quoting
> <u>Gissendaner v. Seaboldt</u>, 735 F.3d 1311, 1323 (11th Cir.
> 2013)).  "If this standard is difficult to meet, that is because it
> was meant to be." <u>Rambaran</u>, 821 F.3d at 1331 (quoting
> <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011)).

<u>Dorvil v. Sec'y, Florida Dep't of Corr.</u>, 663 F. App'x 852, 857 (11th Cir.

2016) (unpublished), <u>cert. denied sub nom.</u> <u>Dorvil v. Jones</u>, 137 S. Ct. 1378

(2017) (mem.).

Petitioner has not demonstrated a reasonable probability that, but for

appellate counsel's failure to raise this issue on direct appeal, the result of

the appeal would have been different.  Under Florida law, withdrawal of a

plea is not a matter of right but is addressed to the sound discretion of the

trial court; and denial of a motion to withdraw a plea is reviewed for abuse

of discretion.  <u>Lopez v. State</u>, 536 So. 3d 226, 229 (Fla. 1988).  The

requirements for withdrawal of a plea after sentencing are even more

stringent.  Withdrawal of a plea after sentencing must be based only on

limited grounds listed in Florida Rule of Appellate Procedure 9.140(b),
which include lack of subject matter jurisdiction, violation of the plea
agreement, and involuntariness of the plea.  State v. Partlow, 840 So. 2d
1040, 1042 (Fla. 2003).  Once sentence has been imposed, the defendant
has the burden to show manifest injustice has occurred and withdrawal of
the plea is necessary to correct the injustice.  *Id.*

   When the original written plea agreement was entered into, Petitioner
expressly agreed to the terms of the plea agreement, which stated the
recommended sentences and noted the rights that Petitioner was giving up
by agreeing to plead.  Ex. E at 159-53.  In the agreement, Petitioner
confirmed that he was fully apprised of the charges and possible lesser
included offenses, he was satisfied with his attorney's services, he was not
compelled to agree, and he was not under the influence of any drugs or
alcohol.  Ex. E at 151.  When the pleas were entered in court, the trial court
ensured that the pleas were voluntary and of his own free will.  Ex. E at
160-61.  He was again advised of the rights he would be giving up.  Ex. E
at 161.  Petitioner confirmed his understanding of the sentence being
agreed upon for Count 1 to be ten years in prison followed by five years of
probation.  Ex. E at 160.  Petitioner was subsequently sentenced as per the
plea agreement.  At the resentencing hearing, the trial judge noted several

times that the defendant accepted the plea offer containing the ten year sentence and he entered his plea with the understanding that he would get ten years followed by five years of probation.  Ex. E at 4, 7.

In his petition in the state First District Court of Appeal alleging ineffective assistance of appellate counsel, he argued that at the resentencing hearing, both sides agreed the sentence should be a five-year prison term followed by five years of probation.  Ex. J at 5.  The record of the resentencing hearing does not bear out that allegation.  Defense counsel stated at the resentencing hearing, "I think we all agree that on case 1691, Count 1, D.U.I. with serious bodily injury, that should be five years prison followed by five years probation with all the D.U.I. conditions." Ex. E at 56.  However, the prosecutor did not confirm that agreement, but agreed with the court that the court was not bound by any prior discussion of "five and five or six and four."  Ex. E at 58-59.  The prosecutor had earlier advised the court that the State would be fine with the five and five sentence or with any other sentence that was legal, including a straight ten year term.  Ex. E at 53-54.

Petitioner also argued to the state district court of appeal that when a trial judge decides not to be bound by a plea the Defendant should be given an opportunity to withdraw the plea.  Ex. J at 5-6.  Nothing in the

record indicates that there was any executed plea agreement for a sentence other than ten years in prison with probation to follow.  In order to render the sentence legal pursuant to the motion to correct illegal sentence, the court simply removed the probationary term, making the sentence comport with the limitation on the Habitual Felony Offender provisions relative to this level offense.

The state First District Court of Appeal denied the petition on the merits, thus concluding that ineffectiveness of appellate counsel had not been shown.  Petitioner has not demonstrated that the adjudication was unreasonable or incorrect.  None of the grounds upon which a motion to withdraw a plea after sentencing may be based have been shown.  No abuse of discretion by the trial court has been demonstrated, and no manifest injustice has been established that would have required withdrawal of the plea.  Thus, Petitioner has not demonstrated under Strickland a reasonable probability that if appellate counsel had raised this claim on direct appeal, the result of the appeal would have been different.  As noted earlier, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher

threshold.' " <u>Mirzayance</u>, 556 U.S. at 123 (quoting <u>Schriro</u>, 550 U.S. at 473).

For the reasons discussed above, Petitioner has not shown that the state court adjudication of his claim of ineffective assistance of appellate counsel was unreasonable in light of the record in this case. Petitioner has also failed to demonstrate that the state court's adjudication was contrary to or involving an unreasonable application of any federal law as determined by the United States Supreme Court. Accordingly, habeas relief on part A of Ground One should be denied.

In part B of Ground One, Petitioner contends that his counsel who represented him at the resentencing hearing rendered ineffective assistance by failing to adopt Petitioner's request to withdraw the plea and by failing to file a motion to withdraw within thirty days of sentencing. ECF No. 1 at 5. Respondent is correct that this claim was not presented to the state courts for adjudication and is thus unexhausted. As noted earlier, the Petitioner must have apprised the state court of the federal constitutional claim, not just the underlying facts of the claim or a somewhat similar state-law claim. <u>Snowden</u>, 135 F.3d at 735. "[T]he petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim." <u>Preston</u>, 785 F.3d at 457 (quoting <u>McNair</u>, 416 F.3d at 1302). Petitioner

must fairly present his claim in each appropriate state court in order to alert the state courts to the federal nature of the claim. Henry, 513 U.S. at 365.

Where a claim is unexhausted and thus procedurally defaulted, the Petitioner must show cause for the default and prejudice or a fundamental miscarriage of justice. Tower, 7 F.3d at 210. In order to demonstrate cause, Petitioner must show that an "external impediment" prevented petitioner from raising the claim. Alderman, 22 F.3d at 1551. *See also* McCleskey v. Zant, 499 U.S. 467, 497 (1991) (emphasizing that the external impediment must have prevented the petitioner from raising the claim). Alternatively, a federal court may grant habeas relief on procedurally defaulted claim if necessary to correct a fundamental miscarriage of justice. To meet the miscarriage of justice exception, Petitioner must show that a constitutional violation has occurred that "probably resulted in a conviction of one who is actually innocent"—that it is more likely than not that no reasonable juror would have convicted him— which is a stronger showing than is necessary to establish prejudice. *See* Schlup 513 U.S. at 327. These showings have not been made.

In his petition, Petitioner contends that the procedural default of his claim that his counsel rendered ineffective assistance by failing to adopt his motion to withdraw his plea should be excused because he was not

provided counsel for his initial tier post-conviction motion in state court. ECF No. 1 at 7.  He cites Martinez v. Ryan, 566 U.S. 1 (2012), Trevino v. Thaler, 133 S. Ct. 1911 (2013), and Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013).  The Supreme Court in Martinez held, "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Martinez, 566 U.S. at 17.

"[T]o succeed in establishing that the Martinez exception applies, a petitioner must show that: (1) a state requires a prisoner to raise ineffective-trial-counsel claims at the initial-review stage of a state collateral proceeding and precludes those claims on direct appeal; (2) the prisoner did not comply with state rules and failed to raise ineffective-trial-counsel claims properly in his state initial-review collateral proceeding; (3) the prisoner had no counsel (or his appointed counsel was ineffective by not raising ineffective-trial-counsel claims) in the initial-review collateral proceeding; and (4) not excusing the procedural default would cause the prisoner to lose a "substantial" ineffective-trial-counsel claim.  A "substantial" claim is one that has "some merit."  Rigg v. Warden,

Blackwater River Corr. Facility, 685 F. App'x 812, 816 (11th Cir. 2017)
(unpublished) (citing Martinez, 566 U.S. at 14).

Although Petitioner is correct that his lack of counsel in his initial post-
conviction proceeding could provide a basis to excuse the procedural
default, the claim he is attempting to raise must be substantial—that is, one
that has some merit.  Even if the claim that his trial counsel's
representation was deficient for not adopting the pro se motion to withdraw
the plea can be said to have "some" merit, the failure to adopt the motion
does not meet the prejudice prong of Strickland.  As discussed above, the
trial court's denial of a motion to withdraw a plea after sentencing must be
based on at least one of the limited grounds set forth in Florida Rule of
Criminal Procedure 9.140 (b), which grounds include lack of subject matter
jurisdiction, violation of the plea agreement, and involuntariness of the plea.
Partlow, 840 So. 2d 1042.  Petitioner has failed to show that any of these
grounds exist.  Further, he has not shown manifest injustice will result if the
plea is not withdrawn.  As discussed above, the record reflects that
Petitioner's agreement to the negotiated plea and original ten year
sentence was knowing and voluntary.  He subsequently sought to correct
the illegal sentence for the Habitual Felony Offender count that included
probation in addition to the maximum ten-year prison sentence.  The trial

court corrected that illegal sentence by removing the probationary period.
No abuse of discretion or manifest injustice has been shown in
resentencing.  Because Petitioner has failed to demonstrate any basis for
federal habeas relief under 28 U.S.C. § 2254, Ground One should be
denied.

## Ground Two: Ineffective Assistance Regarding Plea

Petitioner contends that his trial counsel rendered ineffective
assistance by failing to ensure Petitioner's presence at a pretrial hearing
resulting in the loss of a favorable plea and by failing to convey the
favorable plea offer to Petitioner.  ECF No. 1 at 7.  Petitioner argues that a
pretrial hearing was held on August 26, 2010, at which he was not present.
He argues that the judge assigned to the case at that time stated that he
would "be inclined to sentence [Petitioner] to Department of Corrections for
a period of six years followed by four years probation."  ECF No. 1 at 7
(citing transcript at Ex. F at 221).  The prosecutor asked if she should
prepare a plea agreement to which defense counsel at that time nodded in
the affirmative.  *Id.*  Petitioner contends that when counsel visited him at
the jail after that hearing, the meeting became "heated" and counsel left
without conveying any plea offer; and that on August 31, 2010, counsel
attended another hearing without Petitioner at which counsel advised the

court that Petitioner's competency was deteriorating and a continuance was requested. ECF No. 1 at 8. Petitioner was found to be incompetent and was committed for treatment. Once competency was restored, a new judge presiding in his case declined to be bound to what Petitioner described as "the prior judge's offer." *Id.*

The claim that counsel rendered ineffective assistance by failing to convey a plea offer was raised in Petitioner's Rule 3.850 motion, Ex. E at 98, and denied without a hearing. Ex. E at 143. The post-conviction court stated:

> The Court finds that, although Defendant's claim is facially sufficient, his claim is refuted by the record. At a hearing held on August 26, 2010, the Court advised the prosecutor and defense counsel that it would be inclined to sentence Defendant to six years in prison followed by four years on probation if Defendant entered a plea. The prosecutor asked if she should prepare a pela agreement, and defense counsel nodded her head. At a hearing held on August 31, 2010, defense counsel advised the Court that, when she visited Defendant to discuss the offer with him, he was showing signs of decompensation and was not taking his medication. She requested a continuance to have Defendant re-evaluated for competency. The Court granted defense counsel's request. On November 2, 2010, defense counsel filed a competency evaluation report prepared by Brett W. Turner, Ph.D., in which he opined that Defendant was not competent to proceed. On November 12, 2010, the Court entered an order finding Defendant incompetent to proceed and committing him to the Department of Children and Families for placement in a mental health treatment facility. On February 8, 2011, the Court entered an order finding Defendant competent to proceed. At a hearing held on February 23, 2011, defense counsel advised

the Court that, when she met with Defendant to convey the offer discussed on August 26, 2010, she realized that he was deteriorating rapidly, she had him evaluated, he was found incompetent, and he was sent back to Florida State Hospital. She also advised the court that she felt Defendant would have accepted the offer if he had been competent at the time. The Court, however, indicated that, based on threats made by Defendant while at Florida State Hospital, the offer was no longer appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Second Motion for Postconviction Relief is **DENIED**.

Ex. E at 144-45 (citation and footnotes omitted). Petitioner appealed the denial of post-conviction relief on this claim. Ex. F at 265. The state First District Court of Appeal affirmed per curiam without opinion. Ex. G.

The Respondent correctly notes that the portion of this ground contending that counsel was ineffective for failing to assure Petitioner's presence at the August 26, 2010, hearing was not raised in the state court and is thus unexhausted and procedurally defaulted. Regardless of any default as to the first part of this claim, or any basis under <u>Martinez</u> to excuse the default, both aspects of this claim are without merit and should be denied. The record establishes that trial counsel attempted to convey the plea offer to Petitioner, but concluded that he was likely incompetent to proceed. Ex. F at 228. Mental evaluation confirmed that suspicion and Petitioner was found incompetent and committed for treatment. Petitioner has failed to provide any authority to show that counsel is required to

convey a plea offer when the defendant is incompetent to proceed.[5]  As the

post-conviction court also found, the original plea offer of six years in prison

and four years of probation was determined by the successor trial judge to

be no longer appropriate in light of Petitioner's conduct while at Florida

State Hospital.  For these reasons, counsel was not found to have been

ineffective relative to the plea discussed at the August 26, 2010, hearing.

The state appellate court agreed.

Trial counsel, "as a general rule, has the duty to communicate formal

offers from the prosecution to accept a plea on terms and conditions that

may be favorable to the accused."  Missouri v. Frye, 566 U.S. 134, 145

(2012).  The Supreme Court in Frye and Lafler v. Cooper, 566 U.S. 156

(2012), applied the Strickland test in the context of failure to convey a plea.

Under Frye and Lafler, a defendant is required to demonstrate a

reasonable probability that (1) he would have accepted a plea offer but for

counsel's ineffective assistance; (2) the plea would have been entered

without the prosecution canceling it or the trial court refusing to accept it;

---

[5] If the plea offer had been conveyed and accepted while Petitioner was incompetent to proceed, he would likely have alleged that trial counsel was ineffective for conveying the offer and allowing him to accept it while he was incompetent.  A criminal defendant may not plead guilty unless he does so "competently and intelligently," and the standard for determining competency to stand trial is the same as the standard for determining competency to plead guilty.  See Godinez v. Moran, 509 U.S. 389, 398 (1993); United States v. Rodriguez, 751 F.3d 1244, 1252 (11th Cir. 2014).

and (3) the plea would have resulted in a lesser charge or a lower sentence. *See* Frye, 566 U.S. at 147; Lafler, 566 U.S. at 164. Therefore, even if the prosecution had made a formal plea offer, and even if counsel should have conveyed the plea, Petitioner must demonstrate that the prosecution would not have cancelled it and the trial court would have accepted it. These showings have not been made.

At the February 23, 2011, hearing at which a successor judge presided, Petitioner's counsel asked the successor judge to impose the sentence that the original judge stated he was inclined to impose—six years prison with four years probation. Ex. F at 251. The judge asked, "Well when Judge Santurri made that offer, was the state in agreement at that time?" The prosecutor responded, "No, Your Honor." *Id.* The prosecutor then announced that the state was still asking for a sentence of ten years followed by five years probation, which is the same sentence the prosecutor indicated the state was seeking at the August 26, 2010, hearing. *See* Ex. F at 217. The successor judge indicated at the February 23, 2011, hearing that he was very concerned about violent threats that Petitioner made while at Florida State Hospital and said, "so I'm going to go along with the ten year state prison if he wants to enter a plea." Ex. F at 252. The written plea agreement agreeing to the ten-year sentence followed by

five years of probation was subsequently executed on June 14, 2011. Ex.
E at 153.

Based on this record, Petitioner cannot show that, even if a formal
plea offer for six years followed by four years probation had been conveyed
to him and accepted by him, the prosecutor would not have cancelled it and
that the court would have accepted it. Thus, Petitioner has failed to
demonstrate that the state courts' adjudication of this claim was contrary to
or involved an unreasonable application of clearly established federal law
as determined by the Supreme Court or that it was based on an
unreasonable determination of facts in light of the state court record.
Habeas relief on Ground Two should therefore be denied.

## Ground Three: Failure to Investigate

In his last ground, Petitioner contends that his trial counsel rendered
ineffective assistance by failing to investigate and discover a valid defense
to the charge of fleeing and eluding in case number 2009-CF-1590. ECF
No. 1 at 10. He contends that as to that fleeing and eluding charge, his
counsel should have investigated and discovered the law enforcement
officers' report, which stated that Petitioner was not driving in an erratic
manner during the chase and that the roadways were dry and
unobstructed. *Id.* The charge for which Petitioner pleaded was a second-

degree felony and, he contends, if counsel had discovered this report,
Petitioner would not have pleaded guilty to that charge but would have
gone to trial. *Id.*

Respondent correctly contends that Petitioner did not present this
claim in state court and that it is unexhausted and procedurally defaulted.
Petitioner seeks to excuse the default by relying on <u>Martinez</u> and the fact
that he did not have counsel in his initial post-conviction proceeding.
However, to be excused for this failure to exhaust under <u>Martinez</u>,
Petitioner must show that his claim is substantial, that is, it has some merit.
Regardless of any procedural default, the claim is without merit and should
be denied.

Petitioner was charged with a violation of section 316.1935(3)(a),
Florida Statutes (2009), which provides:

> (3) Any person who willfully flees or attempts to elude a
> law enforcement officer in an authorized law enforcement
> vehicle, with agency insignia and other jurisdictional markings
> prominently displayed on the vehicle, with siren and lights
> activated, and during the course of fleeing or attempted eluding:

> (a) Drives at high speed, or in any manner which
> demonstrates a wanton disregard for the safety of persons or
> property, commits a felony of the second degree, punishable as
> provided in s. 775.082, s. 775.083, or s. 775.084.

The offense report, Exhibit A to the petition, states that during the chase,
Petitioner was driving at speeds of up to 80 miles per hour on a four lane

divided highway and 50 miles per hour on a two-lane residential street. ECF No. 1 at 16. The report indicates that at the end of that road, Petitioner drove down a boat ramp and into the bay where he abandoned the car and attempted to swim away. *Id.* Because violation of the statute may be proved by evidence of fleeing or attempting to elude by driving at high speed, Petitioner's allegation that he was not driving erratically would not have provided a compelling defense, especially in light of evidence that he also drove into the bay.

Even if trial counsel should have relied on portions of this report to develop a defense, other portions of the report provided a basis to conclude that Petitioner violated the statute and committed a second-degree felony. Petitioner has not demonstrated a reasonable probability that but for the alleged error of counsel, the outcome would have been different—a reasonable probability being one sufficient to undermine the Court's confidence in the outcome. Accordingly, the prejudice prong of <u>Strickland</u> has not been met and habeas relief is not warranted.

## Conclusion

Based on the foregoing, Petitioner Edgar Farmer is not entitled to federal habeas relief. Accordingly, the § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is

filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No.1). It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2017.


**s/ Charles A. Stampelos**_____
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**